# EXHIBIT A



Search for Cases by: Select Search Method...

| Judicial Links | eFiling | Help | Contact Us | Print | | GrantedPublicAccess  Logoff MICHAEL_NESTER |

## 20SO-CV00885 - HENRY J HOLYFIELD ET AL V CHEVRON USA, INC. ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**

**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending ○ Ascending    Display Options: All Entries

| 07/22/2020 | ☐ | **Filing Info Sheet eFiling** |
| | | **Filed By:** STEVEN EDWARD CRICK |
| | ☐ | **Note to Clerk eFiling** |
| | | Service instructions will be provided at a later date. |
| | | **Filed By:** STEVEN EDWARD CRICK |
| | ☐ | **Pet Filed in Circuit Ct** |
| | | PETITION. |
| | | **Filed By:** STEVEN EDWARD CRICK |
| | | **On Behalf Of:** HENRY J. HOLYFIELD, TARA HOLYFIELD |
| | ☐ | **Judge Assigned** |
| | | Case is assigned to Honorable David A Dolan. |

Case.net Version 5.14.0.17              Return to Top of Page              Released 11/25/2019

**20SO-CV00885**

Electronically Filed - Scott - July 22, 2020 - 08:52 AM

## IN THE CIRCUIT COURT OF SCOTT COUNTY, MISSOURI

| | |
|---|---|
| **HENRY HOLYFIELD** | ) |
| **68 Natchez Trace** | ) |
| **Scott City, MO 63780** | ) |
| | ) |
| **And** | ) |
| | ) |
| **TARA HOLYFIELD** | ) |
| **68 Natchez Trace** | ) |
| **Scott City, MO 63780** | )   **CASE NO. _____** |
| | ) |
|        **Plaintiffs,** | ) |
| **v.** | ) |
| | ) |
| **CHEVRON U.S.A. INC.** | ) |
| **Serve Registered Agent** | ) |
| **Prentice-Hall Corp. System** | ) |
| **221 Bolivar Street** | ) |
| **Jefferson City, MO 65101** | ) |
| | ) |
| **And** | ) |
| | ) |
| **SYNGENTA CROP PROTECTION, LLC** | ) |
| **Serve Registered Agent:** | ) |
| **CT Corporation System** | ) |
| **120 South Central Avenue** | ) |
| **Clayton, MO 63105** | ) |
| | ) |
| **And** | ) |
| | ) |
| **SYNGENTA CORPORATION** | ) |
| **Serve Registered Agent** | ) |
| **CT Corporation System** | ) |
| **120 South Central Avenue** | ) |
| **Clayton, MO 63105** | ) |
| | ) |
| **And** | ) |
| | ) |
| **SYNGENTA AG** | ) |
| **Serve at:** | ) |
| **P.O. Box CH-4002** | ) |
| **Basel, Switzerland** | ) |
| | ) |
|        **Defendants.** | ) |

Electronically Filed - Scott - July 22, 2020 - 08:52 AM

## PETITION

Plaintiffs, Henry Holyfield and Tara Holyfield, bring this cause of action against defendants Chevron U.S.A. Inc. ("Chevron"), Syngenta Crop Protection, LLC ("Syngenta Crop Protection"), Syngenta Corporation ("Syngenta Corp."), and Syngenta AG ("Syngenta AG") for personal injuries and damages suffered.

## PARTIES

1.      Plaintiff Henry Holyfield is a resident and citizen of the State of Missouri.

2.      Plaintiff Tara Holyfield is a resident and citizen of the State of Missouri.

3.      Plaintiff Henry Holyfield and Plaintiff Tara Holyfield were married on November 29, 2014, and are currently married.

4.      Defendant Chevron is a California corporation with its principal place of business at 6001 Bollinger Canyon Road, San Ramon, California. Defendant Chevron can be served through its registered agent at the address listed in the caption above.

5.      Defendant Syngenta Crop Protection is a Delaware limited liability company with its principal office address at 1209 Orange Street, Wilmington, Delaware. Defendant Syngenta Crop Protection can be served through its registered agent at the address listed in the caption above.

6.      Defendant Syngenta Corp. is a Delaware corporation with its principal place of business at 3411 Silverside Road, Suite 100, Shipley Building, Wilmington, Delaware. Defendant Syngenta Corp. can be served through its registered agent at the address listed in the caption above.

7.      Defendant Syngenta AG is a foreign corporation with its principal place of business in Basel, Switzerland.  Defendant Syngenta AG can be served through the procedures

Electronically Filed - Scott - July 22, 2020 - 08:52 AM

set forth in the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

8.      Defendants designed, developed, manufactured, marketed and/or sold the herbicide product N, N'-dimethyl-4-4' dipyridinium dichloride, also known as methyl viologen or paraquat ("paraquat").

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over defendant Chevron pursuant to §506.500. Defendant Chevron, its subsidiaries, predecessors and/or assigns transacted business and/or committed tortious acts within this state.  Defendant Chevron, its subsidiaries, predecessors and/or assigns designed, manufactured, licensed, marketed, distributed and/or sold paraquat for use in the State of Missouri.  Defendant Chevron, its subsidiaries, predecessors and/or assigns placed the defective and harmful product paraquat into the stream of commerce, sold said product for use, transacted business and committed tortious acts in the State of Missouri from which Plaintiffs' claims arose.

10.     This Court has jurisdiction over defendant Syngenta Crop Protection pursuant to §506.500.  Defendant Syngenta Crop Protection, its subsidiaries, predecessors and/or assigns transacted business and/or committed tortious acts within this state.  Defendant Syngenta Crop Protection, its subsidiaries, predecessors and/or assigns designed, manufactured, licensed, marketed, distributed and/or sold paraquat for use in the State of Missouri.  Defendant Syngenta Crop Protection, its subsidiaries, predecessors and/or assigns placed the defective and harmful product paraquat into the stream of commerce, sold said product for use, transacted business and committed tortious acts in the State of Missouri from which Plaintiffs' claims arose.

3

Electronically Filed - Scott - July 22, 2020 - 08:52 AM

11.     This Court has jurisdiction over defendant Syngenta Corp. pursuant to §506.500. Defendant Syngenta Corp., its subsidiaries, predecessors and/or assigns transacted business and/or committed tortious acts within this state.  Defendant Syngenta Corp., its subsidiaries, predecessors and/or assigns designed, manufactured, licensed, marketed, distributed and/or sold paraquat for use in the State of Missouri.  Defendant Syngenta Corp., its subsidiaries, predecessors and/or assigns placed the defective and harmful product paraquat into the stream of commerce, sold said product for use, transacted business and committed tortious acts in the State of Missouri from which Plaintiffs' claims arose.

12.     This Court has jurisdiction over defendant Syngenta AG pursuant to §506.500. Defendant Syngenta AG, its subsidiaries, predecessors and/or assigns transacted business and/or committed tortious acts within this state.  Defendant Syngenta AG, its subsidiaries, predecessors and/or assigns designed, manufactured, licensed, marketed, distributed and/or sold paraquat for use in the State of Missouri.  Defendant Syngenta AG, its subsidiaries, predecessors and/or assigns placed the defective and harmful product paraquat into the stream of commerce, sold said product for use, transacted business and committed tortious acts in the State of Missouri from which Plaintiffs' claims arose.

13.     Venue is proper pursuant to §508.010 RSMO, in that Plaintiff Henry Holyfield was first injured and as a result of the wrongful acts of defendants through exposure to paraquat in Scott County, Missouri.

## **NATURE OF THE CASE**

14.     From approximately 1965 through 1975, Plaintiff Henry Holyfield worked as an agricultural aircraft laborer assisting in, among other things, the business of aerial application of pesticides ("crop dusting").

Electronically Filed - Scott - July 22, 2020 - 08:52 AM

15.     In the course of his work, Plaintiff Henry Holyfield was exposed to paraquat being applied by crop dusting.

16.     Exposure to paraquat can cause disease in humans, including the development of Parkinson's disease and/or Parkinsonism

17.     The exposure to paraquat caused, or contributed to cause, Plaintiff Henry Holyfield to develop Parkinson's disease and/or Parkinsonism.

18.     At all times relevant to this case, Plaintiff Henry Holyfield was unaware of that exposure to paraquat could cause development of disease such as Parkinson's disease and/or Parkinsonism.

19.     Plaintiff Henry Holyfield was diagnosed with Parkinson's disease on August 5, 2015.

20.     The nature of Plaintiff Henry Holyfield's Parkinson's disease condition did not come together with its cause being exposure to paraquat until May, 2020.

21.     Defendants each knew, or should have known, of the hazardous nature of paraquat both at the time of sale and when Plaintiff Henry Holyfield was exposed to the product while working as an agricultural aircraft laborer.  Notwithstanding, defendants failed to warn of the defective nature of paraquat and failed to give instructions on safe use of paraquat.

**COUNT I**
**Strict Liability in Tort -- Design Defect**
**(Defendants Chevron, Syngenta Crop Protection, Syngenta Corp., and Syngenta AG)**

22.     Plaintiffs incorporate by reference the allegations set forth above in paragraphs 1 to 21 as if fully set forth herein.

23.     Defendants designed, marketed, licensed, manufactured, distributed and/or sold paraquat as described above, within the ordinary course of business.

Electronically Filed - Scott - July 22, 2020 - 08:52 AM

24.     When Plaintiff Henry Holyfield was exposed to paraquat in his work as an agricultural aircraft laborer, the product was being used in a manner reasonably anticipated by defendants.

25.     At the time of the design, marketing, licensing, manufacture, distribution, and/or sale of the paraquat Plaintiff Henry Holyfield used, or was exposed to while working as an agricultural aircraft laborer, said product was in a defective condition unreasonably dangerous when put to the use anticipated by defendants in that paraquat had the propensity to cause Parkinson's disease and/or Parkinsonism.

26.     The unreasonably dangerous and defective condition of the paraquat designed, developed, marketed, licensed, distributed and/or sold by defendants, and the failure to warn of the dangers thereof, caused or contributed to cause Plaintiff Henry Holyfield to develop Parkinson's disease and/or Parkinsonism.

27.     The unreasonably dangerous and defective condition of the paraquat designed, developed, marketed, licensed, distributed and/or sold by defendants, and the failure to warn of the dangers thereof, caused or contributed to cause Plaintiff Henry Holyfield to suffer past and future physical pain, mental and emotional distress.   In addition, Plaintiff Henry Holyfield suffered past and future loss of wages and/or earning capacity and incurred, or will in the future incur, medical expenses for medical treatment, medication and medical devices.

28.     The conduct of defendants, in selling a product that they each knew, or should have known caused Parkinson's disease and/or Parkinsonism in users of paraquat, demonstrated deliberate indifference to and conscious disregard for the rights and safety of others such that an award of punitive damages is appropriate in this matter.

Electronically Filed - Scott - July 22, 2020 - 08:52 AM

WHEREFORE, Plaintiffs pray for judgment against defendants Chevron U.S.A. Inc., Syngenta Crop Protection, LLC, Syngenta Corporation, and Syngenta AG in an amount in excess of the jurisdictional limit and as determined at trial, for an award of punitive damages, for the costs of this action and any other relief allowed under Missouri law.

### COUNT II
### Strict Liability in Tort -- Failure to Warn
**(Defendants Chevron, Syngenta Crop Protection, Syngenta Corp., and Syngenta AG)**

29.     Plaintiffs incorporate by reference the allegations set forth above in paragraphs 1 to 28 as if fully set forth herein.

30.     Defendants designed, developed, marketed, licensed, manufactured, distributed, sold and/or supplied paraquat without adequate instructions on safe use to reduce and/or eliminate exposure thereto, and/or without instructions or warnings that the paraquat was dangerous to health and life and caused disease such as Parkinson's disease and/or Parkinsonism.

31.     As a result of defendants' failure to adequately instruct or warn of the dangerous characteristics of paraquat, the product was defective and unreasonably dangerous when put to the use reasonably anticipated by defendants.

32.     The unreasonably dangerous and defective condition of the paraquat designed, developed, manufactured, marketed, licensaed, distributed, sold and/or supplied by defendants and the failure to instruct or warn of those dangers, caused or contributed to cause Plaintiff Henry Holyfield to develop Parkinson's disease and/or Parkinsonism.

33.     The unreasonably dangerous and defective condition of paraquat and the failure to instruct or warn of those dangers, caused or contributed to cause Plaintiff Henry Holyfield to suffer past and future physical pain, mental and emotional distress.  In addition, Plaintiff Henry

Electronically Filed - Scott - July 22, 2020 - 08:52 AM

Holyfield suffered past and future loss of wages and/or earning capacity and incurred, or will in the future incur, medical expenses for medical treatment, medication and medical devices.

34.     The conduct of defendants, in selling a product that each knew, or should have known caused Parkinson's disease and/or Parkinsonism in users of paraquat, demonstrated deliberate indifference to and conscious disregard for the rights and safety of others such that an award of punitive damages is appropriate in this matter.

WHEREFORE, Plaintiffs pray for judgment against defendants Chevron U.S.A. Inc., Syngenta Crop Protection, LLC, Syngenta Corporation, and Syngenta AG in an amount in excess of the jurisdictional limit and as determined at trial, for an award of punitive damages, for the costs of this action and any other relief allowed under Missouri law.

**COUNT III**
**Negligence**
**(Defendants Chevron, Syngenta Crop Protection, Syngenta Corp., and Syngenta AG)**

35.     Plaintiffs incorporate by reference the allegations set forth above in paragraphs 1 to 34 as if fully set forth herein.

36.     As a designer, developer, manufacturer, marketer distributor. licensor, and/or seller of paraquat, defendants had a duty to exercise due care and the ordinary, reasonable and technical skill and competence that is required of processors, distributors, marketers, sellers, suppliers, licensors, and others in a similar situation, including, without limitation, the duty to acquire and maintain the knowledge of an expert, in processing, distribution, marketing, sale, licensing and/or supply of products free from defects and/or latent defects; and the duty to adequately instruct or warn of product defects and/or hazards, which duty continued even after the sale of said products.

37.     Defendants each breached its duty of care in one or more of the following ways:

Electronically Filed - Scott - July 22, 2020 - 08:52 AM

a.     Designing, developing, manufacturing, marketing, distributing, licensing and selling paraquat without properly testing the product;

b.     Designing, developing, manufacturing, marketing, distributing, licensing and selling paraquat without disclosing the results of testing and studies of paraquat;

c.     Designing, developing, manufacturing, marketing, distributing, licensing and selling paraquat  and paraquat formulations that included an active ingredient that would cause Parkinson's disease and/or Parkinsonism in persons using the product as intended, such as crop dusting;

d.     Designing, developing, manufacturing, marketing, distributing, licensing and selling paraquat with false and misleading warnings and instructions;

e.     Designing, developing, manufacturing, marketing, distributing, licensing and selling paraquat without necessary and adequate warnings, cautionary statements and instructions;

f.     Failing to disclose the risk of Parkinson's disease and/or Parkinsonism to users of the product;

g.     Representing that paraquat was safe for use; and

h.     In other respects that are unknown at this time but may be determined through discovery in this case.

38.     Defendants failed to use due care under the circumstances and were thereby negligent in the performance of their duties owed to Plaintiff Henry Holyfield and others who used, worked with, or were exposed to paraquat.

Electronically Filed - Scott - July 22, 2020 - 08:52 AM

39.    The negligent conduct of defendants caused or contributed to cause Plaintiff Henry Holyfield to develop Parkinson's disease and/or Parkinsonism.

40.    The negligent conduct of defendants caused or contributed to cause Plaintiff Henry Holyfield to suffer past and future physical pain, mental and emotional distress.  In addition, Plaintiff Henry Holyfield suffered past and future loss of wages and/or earning capacity and incurred, or will in the future incur, medical expenses for medical treatment, medication and medical devices.

41.    The conduct of defendants, in selling a product that each knew, or should have known caused Parkinson's disease and/or Parkinsonism in users of paraquat, demonstrated deliberate indifference to and conscious disregard for the rights and safety of others such that an award of punitive damages is appropriate in this matter.

WHEREFORE, Plaintiffs pray for judgment against defendants Chevron U.S.A. Inc., Syngenta Crop Protection, LLC, Syngenta Corporation, and Syngenta AG in an amount in excess of the jurisdictional limit and as determined at trial, for an award of punitive damages, for the costs of this action and any other relief allowed under Missouri law.

## COUNT IV
## Breach of Implied Warranty
### (Defendants Chevron, Syngenta Crop Protection, Syngenta Corp., and Syngenta AG)

42.    Plaintiffs incorporate by reference the allegations set forth above in paragraphs 1 to 41 as if fully set forth herein.

43.    Defendants placed paraquat into the stream of commerce.

44.    Plaintiff Henry Holyfield was exposed to paraquat designed, manufactured, licensed, marketed, distributed or sold by defendants.

Electronically Filed - Scott - July 22, 2020 - 08:52 AM

45.     The use of paraquat and exposure to paraquat experienced by Plaintiff Henry Holyfield was as intended by defendants and/or was reasonably foreseeable to defendants.

46.     Defendants knew that persons working with and around paraquat were relying on the skill and judgment of defendants in the decision to purchase and/or use paraquat.

47.     By placing paraquat into the stream of commerce, defendants impliedly warranted that the paraquat was reasonably fit and/or reasonably safe for the intended use of the product, that the paraquat was of merchantable quality, that it was not defective, and that the paraquat would function safely as an ordinary user would expect when used as intended or in a reasonably foreseeable manner and that the product would not cause disease or harm such as Parkinson's disease and/or Parkinsonism.

48.     Defendants breached the implied warranty because the paraquat was not reasonably fit for its intended use, was not of merchantable quality, was defective and failed to function safely as an ordinary user would expect when used as intended or in a reasonably foreseeable manner in that it caused, or contributed to cause, Parkinson's disease and/or Parkinsonism.

49.     The paraquat sold by defendants caused, or contributed to cause, Plaintiff Henry Holyfield to develop Parkinson's disease and/or Parkinsonism.

50.     Defendants breach of implied warranty caused or contributed to cause Plaintiff Henry Holyfield to suffer past and future physical pain, mental and emotional distress.   In addition, Plaintiff Henry Holyfield suffered past and future loss of wages and/or earning capacity and incurred, or will in the future incur, medical expenses for medical treatment, medication and medical devices.

Electronically Filed - Scott - July 22, 2020 - 08:52 AM

51.     The conduct of defendants, in selling a product that each knew, or should have known caused Parkinson's disease and/or Parkinsonism in users of paraquat, demonstrated deliberate indifference to and conscious disregard for the rights and safety of others such that an award of punitive damages is appropriate in this matter.

WHEREFORE, Plaintiffs pray for judgment against defendants Chevron U.S.A. Inc., Syngenta Crop Protection, LLC, Syngenta Corporation, and Syngenta AG in an amount in excess of the jurisdictional limit and as determined at trial, for an award of punitive damages, for the costs of this action and any other relief allowed under Missouri law.

### COUNT V
### Loss of Consortium
**(Defendants Chevron, Syngenta Crop Protection, Syngenta Corp., and Syngenta AG)**

52.     Plaintiffs incorporate by reference the allegations set forth above in paragraphs 1 to 51 as if fully set forth herein.

53.     Plaintiff Tara Holyfield is the wife of Henry Holyfield.

54.     The conduct of defendants Chevron, Syngenta Crop Protection, Syngenta Corp. and/or Syngenta AG, as described above, caused or contributed to cause Plaintiff Tara Holyfield to sustain damages as a direct result of the injury to her husband Henry Holyfield.

55.     The conduct of defendants Chevron, Syngenta Crop Protection, Syngenta Corp. and/or Syngenta AG, as described above, demonstrated deliberate indifference to and conscious disregard for the rights and safety of others such that an award of punitive damages is appropriate in this matter.

WHEREFORE, Plaintiffs pray for judgment against defendants Chevron U.S.A. Inc., Syngenta Crop Protection, LLC, Syngenta Corporation, and Syngenta AG in an amount in excess of the jurisdictional limit and as determined at trial, for an award of punitive damages, for the costs of this action and any other relief allowed under Missouri law.

Electronically Filed - Scott - July 22, 2020 - 08:52 AM

## DEMAND FOR JURY TRIAL OF ALL ISSUES

56.    Plaintiffs demand a trial by jury.

Respectfully submitted,

HUMPHREY, FARRINGTON & McCLAIN, P.C.

/s/ Steven E. Crick

| | |
|---|---|
| Steven E. Crick | MO Bar #32654 |
| Kevin D. Stanley | MO Bar #48008 |

221W. Lexington, Suite 400
Independence, MO 64050
Telephone: (816) 836-5050
Facsimile: (816) 836-8966
kbm@hfmlegal.com
sec@hfmlegal.com
kds@hfmlegal.com

and

RICE, SPAETH, SUMMERS & HEISSERER, L.C.

| | |
|---|---|
| John P. Heisserer | MO Bar #29379 |

160 S. Broadview Street
Fourth Floor
Cape Girardeau, MO 63703
Telephone:  (573) 334-6061
Facsimile:  (573) 334-0979
jheisserer@capelawfirm.com

**ATTORNEYS FOR PLAINTIFF**